NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0278n.06

No. 08-6210

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 29, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| RONNIE ROBERTSON, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |

Before:     **KEITH, McKEAGUE, and KETHLEDGE, Circuit Judges**.

**PER CURIAM**.   Defendant-Appellant Ronnie Robertson pled guilty to two offenses, carjacking in violation of 18 U.S.C. § 2119, for which he received a sentence of imprisonment of forty-eight months, and carrying a firearm in furtherance of a violent felony in violation of 18 U.S.C. § 924(c), for which he received a sentence of imprisonment of eighty-four months.  At Robertson's sentencing hearing, the district court applied a four-level sentence enhancement for abduction to facilitate commission of (or escape from) the carjacking offense.  The district court adjudged that the sentences run consecutively, resulting in a term of imprisonment of 132 months for both offenses.  On appeal, Robertson contends that the district court erroneously applied the four-level sentence enhancement for abduction rather than a two-level sentence enhancement for restraint. Robertson also asserts that the sentence he received was unreasonable since the district court failed to address his argument that receipt of a sentence of imprisonment greater than ten years would

increase the likelihood of recidivism. For the following reasons, we **AFFIRM** the district court's

sentence.

## I. BACKGROUND

On July 31, 2006, a man driving a Mercedes sport utility vehicle ("the SUV") stopped at a

traffic light, where he was approached by Robertson, who ran toward the SUV and pointed a gun at

the driver. Robertson got into the SUV on its passenger side and told the victim to make a U-turn

and a right turn onto a side street. The victim complied and stopped the SUV. Robertson then took

the victim's wallet, Rolex watch, bracelet and diamond ring. His accomplice arrived, got into the

back seat of the victim's car, and requested that the victim go to an ATM machine. The victim stated

that he had no money in the bank. Robertson and the accomplice threatened to kill the victim, then

put him out of his car, forced him to take off the shirt and shorts he was wearing, and fled with the

victim's SUV, watch, bracelet, ring, wallet, and clothing. At some point during the offense,

Robertson hit the victim in the head with a gun.

Pursuant to a plea agreement, Robertson entered a plea of guilty to carjacking in violation

of 18 U.S.C. § 2119 and carrying a firearm in furtherance of a violent felony, in violation of 18

U.S.C. § 924(c). The plea agreement provided that the government would recommend a three-level

reduction under the United States Sentencing Guidelines for acceptance of responsibility. The

United States Probation Office composed a presentence report ("PSR") utilizing the 2007 Federal

Sentencing Guidelines Manual in advance of Robertson's sentencing hearing. Robertson did not

object to any of the facts described in the PSR—and set forth herein—but objected to a sentence enhancement for abduction.

The PSR's calculations included a base offense level of twenty for carjacking, a two-level increase pursuant to U.S.S.G. § 2B3.1(b)(3)(A) since the victim sustained injury, a four-level increase pursuant to U.S.S.G. § 2B3.1(b)(4)(A) because the victim was abducted to facilitate commission of the offense, a two-level increase because the offense involved carjacking, and a one-level increase because of the value of items taken from the victim, which together resulted in an adjusted offense level of twenty-nine. The PSR, however, included a three-level reduction for acceptance of responsibility for a total offense level of twenty-six, and a Criminal History Category of I, resulting in a guideline range of sixty-three to seventy-eight months of imprisonment for the carjacking offense. As to the firearm offense, the PSR noted the application of a mandatory consecutive minimum sentence of not less than eighty-four months of imprisonment.

At his sentencing hearing, Robertson asserted that rather than the four-level sentencing enhancement for abduction recommended in the PSR, the court should apply a two-level enhancement for physical restraint since the victim was only taken a short distance. The district court rejected Robertson's argument and found that the U-turn and stop on a side street satisfied the minimal distance requirement and the abduction of the victim facilitated the carjacking. The Government moved for a further two-level sentence reduction, pursuant to U.S.S.G. § 5K1.1 for Robertson's substantial assistance, and requested that the court impose a total sentence of 135 months. Robertson requested that the motion for substantial assistance result in a reduction of four levels and a total sentence of 120 months, due to his artistic talents and relative youth. Robertson

noted that if he received a 120-month sentence of imprisonment he would spend the entirety of his twenties incarcerated and that receipt of a longer sentence could result in him becoming entrenched in criminality. The district court granted the Government's § 5K motion and found the proper Sentencing Guidelines range to be from forty-six to fifty-seven months on the carjacking count following a reduction of three levels. The district court pronounced a total sentence of 132 months: forty-eight months for carjacking plus the mandatory consecutive minimum eighty-four months for the firearm carrying offense.

## II. ANALYSIS

Robertson avers that the district court committed error in applying a four-level sentence enhancement and failing to address an argument he advanced to advocate receipt of a lesser sentence.

### A. Sentence Enhancement

Where there is an issue of law requiring review of a sentencing court's decision to enhance or reduce a sentence based upon the Sentencing Guidelines, the sentencing court's determination is reviewed "under a deferential abuse-of-discretion standard" for reasonableness. *Gall v. United States*, 552 U.S. 38, 41 (2007). Review for reasonableness mandates that the appellate court ensure that the sentence was procedurally and substantively sound.[1] *United States v. Sedore*, 512 F.3d 819, 822 (6th Cir. 2008) (additional citation omitted).

A procedural error includes an error in calculating the advisory Sentencing Guidelines range and corresponding enhancements. *United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). "If any

---

[1] Robertson does not contend that his sentence was substantively unreasonable.

person was abducted to facilitate commission of the offense or to facilitate escape," the 2007 Sentencing Guidelines provide for a four level increase in the offense level. U.S.S.G. § 2B3.1(b)(4)(A). The 2007 Commentary to the Sentencing Guidelines defines "abducted" as having occurred when "a victim was forced to accompany an offender to a different location." U.S.S.G. § 1B1.1 cmt. n.1.(A). Courts have found that abduction occurred necessitating a four-level sentence enhancement where carjacking victims were forced to move forty to fifty feet at gunpoint from one area of a parking lot to another, *United States v. Hawkins*, 87 F.3d 722, 728 (5th Cir. 1996), and where a bank robber forced a credit union supervisor at gunpoint from the parking lot of a credit union to inside the credit union, *United States v. Davis*, 48 F.3d 277, 279 (7th Cir. 1995). *See United States v. Merriweather*, No. 99-1832, 2000 U.S. App. LEXIS 23296, at *1-6 (6th Cir. Sept. 8, 2000) (applying *Hawkins* and *Davis*). Thus, "a different location" need not constitute a wide area. *See id.* at *2 (noting that teller was abducted when she was forced to traverse from the exterior of the bank, unlock an exterior door, and cross the threshold to the interior of the bank).

Here, the victim was compelled by Robertson at gunpoint to make a U-turn and an immediate right turn at a side street, whereupon his watch, wallet, bracelet and ring were taken and Robertson's accomplice joined in the crime. Robertson argues that abduction is not mechanically defined, focuses on the short distance he compelled his victim to travel, and contends that the abduction did not facilitate Robertson's escape. However, the distance Robertson forced the victim to travel was greater than the forty or fifty feet that the Fifth Circuit found sufficient to constitute abduction in *Hawkins*. *See* 87 F.3d at 728. Our precedent suggests that lesser distances than Robertson forced his victim to travel would constitute abduction for purposes of a sentencing enhancement. *See*

*Merriweather*, 2000 U.S. App. LEXIS at *2. More importantly, the facts plainly illustrate that the abduction facilitated the carjacking as the victim was moved from a stop at a traffic light, compelled to make a U-turn, and forced to turn right on a side street where the victim was threatened with death, hit with a gun, robbed of his personal items, forced to strip to only his underwear, and ultimately left alone without his SUV. The district court appropriately applied the four-level sentencing enhancement for abduction.

**B. Sentence Length**

Procedural error may also occur if the sentencing judge fails to "set forth enough [of a statement of reasons] to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority." *United States v. Lalonde*, 509 F.3d 750, 769-70 (6th Cir. 2007) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alteration in original). A court is required to give the reason for the sentence it pronounces; however, a court need not "give the reasons for rejecting any and all arguments by the parties for alternative sentences." *United States v. Vonner*, 516 F.3d 382, 387 (6th Cir. 2008) (en banc). Thus, for the sentence to be procedurally reasonable, the record must reflect that the district court considered Robertson's arguments for a lesser sentence based upon his fear of a greater likelihood of recidivism and gave a basis for rejecting the argument. *See Lalonde*, 509 F.3d at 770.

Robertson contends that the district court reviewed the mandatory 18 U.S.C. § 3553(a) factors that a district court must consider when imposing a sentence, but failed to address his argument for a lesser sentence or rule on why the sentence the court imposed was not longer than necessary to prevent the likelihood of recidivism. In contrast, the Government asserts that the

district court conducted a detailed analysis of why it imposed a sentence longer than Robertson requested, including a discussion of a necessary sentence that would allow Robertson to reflect on his dangerous lifestyle and the serious nature of the offenses.

Our review of the record demonstrates that the district court did not explicitly state its rejection of Robertson's recidivism argument; however, the district court did state its reasons for imposing a sentence of 132 months. The district court stated that the sentence properly reflected the seriousness of the crimes and would allow Robertson ample opportunity to partake in educational and rehabilitation programs while incarcerated. The court also noted that Robertson provided substantial assistance to the Government in the case against his co-defendant and found that it was appropriate to depart downward from the Sentencing Guidelines. The district court's finding that forty-eight and eighty-four months for each of the two counts Robertson was guilty of constituted appropriate sentences was an implicit rejection of Robertson's rationale that a sentence greater than 120 months would increase his likelihood of recidivism. The district court was not required to explicitly give its reason for rejecting the recidivism argument nor explicitly mention the recidivism argument in making its sentencing pronouncement. *Vonner*, 516 F.3d at 387. Thus, the district court's sentence was procedurally reasonable.

## III.  CONCLUSION

For the aforementioned reasons, the district court's application of a four-level sentencing enhancement was warranted and the district court's sentence was reasonable. Accordingly, we **AFFIRM** the district court's decision and imposition of sentence.